IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| W.J.B., | : | |
|     Plaintiff, | : | |
| VS. | : | 1:21-CV-57 (TQL) |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**ORDER**

Plaintiff, proceeding *pro se*,[1] filed this Social Security appeal on April 9, 2021, challenging the Commissioner's final decision denying his disability application, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 6; Clerk's Entry, April 19, 2021). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by

---

[1] The Court applies the deferential standard applicable to *pro se* litigants and will construe Plaintiff's claims in order to do substantial justice. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (first citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); and then citing FED. R. CIV. P. 8([e])).

substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam); and then quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow for an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for Disability Insurance Benefits on August 18, 2017. (Tr. 10, 125). In his application, Plaintiff alleged an initial onset date of April 19, 2016. (Tr. 10, 125, 229). The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. (Tr. 10, 169, 175). Plaintiff requested a hearing (Tr. 182) and appeared before an Administrative Law Judge (ALJ) on November 8, 2019 (Tr. 10, 83).

In a hearing decision dated March 24, 2020, the ALJ determined Plaintiff was not disabled. (Tr. 10-30). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 1-3).

**Statement of Facts and Evidence**

Plaintiff was born on June 21, 1971 (Tr. 28, 229), and was forty-four (44) years old at the time of his alleged onset of disability (Tr. 28). The ALJ found that Plaintiff had past relevant work experience as a road laborer. (Tr. 28).

The ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease, hypertension, diabetes mellitus, hepatic disorder, hypotension, obstructive sleep apnea, obesity, adjustment disorder, major depressive disorder with anxiety and borderline intellectual functioning (also noted to be mild intellectual disability in the record). (Tr. 12-13). The ALJ determined that Plaintiff suffered from the minor impairments of a right-hand injury with infection status-post I&D, cellulitis, conjunctivitis, esophageal reflux, and history of cancer, but that none of them caused more than minimal functional limitations which had persisted, or were expected to persist, continuously for at least twelve (12) months. (Tr. 13-14). The ALJ found that Plaintiff's history of alcoholism in partial remission was not severe. (Tr. 14).

Considering the evidence relating to all of Plaintiff's impairments, individually and in combination, the ALJ found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the listings. (Tr. 14).

Considering the "paragraph B" criteria, the ALJ found that Plaintiff had moderate limitations in his ability to understand, remember, or apply information; no more than mild limitations in his ability to interact with others; moderate limitations in his ability to concentrate, persist, or maintain pace; and moderate limitations in his ability to adapt or manage himself. (Tr. 15-16). Because the ALJ found that Plaintiff's medically determinable mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied. (Tr. 16). The ALJ found that the evidence failed to establish the presence of the "paragraph C" criteria. *Id.* The ALJ considered Plaintiff's intellectual disorder and found that the requirements of Paragraphs A and B were not satisfied. (Tr. 16-17).

Considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work, except that he could frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; could occasionally climb ropes, ladders, or scaffolds; must avoid exposure to hazards (such as unprotected heights and unprotected moving mechanical parts); could perform simple, routine tasks with simple instructions; could apply commonsense understanding to carry out written, oral, or diagrammed instructions, could deal with problems involving several concrete variables in or from standardized situations, and could work in environments with occasional changes in workplace settings and routines. (Tr. 17).

The ALJ found that Plaintiff could not perform his past relevant work. (Tr. 28). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there

4

were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29-30).

Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, at any time between April 19, 2016, the alleged onset date, through March 24, 2020, the date of the ALJ's decision. (Tr. 30).

## DISCUSSION

Plaintiff appears to argue that the ALJ's decision was not supported by substantial evidence. (Doc. 19). In support thereof, Plaintiff submits additional evidence to the Court. (Docs. 19-1, 19-2, 19-3, 19-4). The Commissioner asserts Plaintiff has not met the requirements for the Court to consider the additional evidence as a motion to remand pursuant to Sentence Six of 42 U.S.C. § 405(g). (Doc. 20, pp. 9-10). The Court will first determine whether the ALJ's decision is supported by substantial evidence and conclude by addressing whether the Court may consider Plaintiff's additional evidence as a motion to remand.

*ALJ's Decision*

On March 21, 2016, Plaintiff presented at Affinity Clinic for follow-up for back pain. (Tr. 385). He was completely pain free and ready to go back to work, following a two-and-a-half-week period in which he was precluded from working because he was medically prohibited from heavy lifting and his work could not provide him with anything that he could do that did not involve heavy lifting. *Id.* On exam, he had no lumbar pain with palpation, had normal range of movement, and appeared alert and oriented with a normal mood. (Tr. 386). On April 21, 2016, he exhibited mild lumbar tenderness, but was alert and oriented with normal mood. (Tr. 382). On April 29, 2016, Plaintiff was instructed to avoid bending, stooping, or lifting when possible. (Tr. 380). On May 4, 2016, an MRI found broad-based disc herniation with mild encroachment of the left neural

foramina due to bulging disc material and facet joint hypertrophy, with degenerated discs at L4-L5 and L5-S1. (Tr. 417).

On June 3, 2016, Plaintiff was examined for low back pain at Georgia Sports Medicine on a referral from Plaintiff's primary care physician. (Tr. 360). On exam, Plaintiff had no spasm, no tenderness, no pain with range of motion of either hip, and his straight leg raise was negative bilaterally. (Tr. 361). A review of an MRI performed on his low back showed that he had 2-level degenerative disc disease and what appeared to be a good sided paracentral herniation at the L5-S1 area. *Id.* He was excused from work for four weeks. (Tr. 362). Thereafter, through September 14, 2016, Plaintiff was excused from work. (Tr. 357, 352, 351, chronologically).

On June 14, 2016, Plaintiff began physical therapy for a six-week period. (Tr. 408). He rated his pain as a 6 or 7 out of 10 throughout. (Tr. 407, 405, 402, 401, 398, 397, 396, chronologically). At discharge on July 29, 2016, Plaintiff was rated in his right hip/quad 4+/5, 3-/5 in his left hip, 2+/5 in his left quad, and was limited by pain. (Tr. 394).

On August 15, 2016, Plaintiff received a transforaminal lumbar epidural steroid injection. (Tr. 355). On January 6, 2017, Plaintiff reported at a follow up that the epidural "did not really help." (Tr. 347). A second epidural was rejected by Plaintiff's insurance, and the subsequent treatment plan was to "stay pretty conservative" at Plaintiff's request as it did not appear then that surgery was a good approach. *Id.*

On February 22, 2017, Plaintiff's depressive signs had improved since a prior visit, no exam findings were reported as to Plaintiff's back pain, and he was alert and oriented with a normal mood. (Tr. 587-89). Similar results were obtained on August 22, 2017. (Tr. 602-03). On October 27, 2017, Plaintiff had a positive depression screening, but on exam he was alert and oriented with a normal mood, with no examination of his back issues. (Tr. 606).

On February 28, 2018, Dr. Carden completed a psychological evaluation of Plaintiff, and found mild deficits in cognitive awareness of social judgment and complex decision-making skills, but that Plaintiff had no significant impairments in memory or the ability to comprehend information. (Tr. 614). Dr. Carden found that Plaintiff was capable of understanding and carrying out only simple instructions, that he observed no problems with concentration or pace, and that Plaintiff appeared capable of basic social skills. (Tr. 615). Finally, Dr. Carden found that Plaintiff had transient problems with adapting to routine work-related stress as it relates to depression and/or anxiety. *Id.*

On March 10, 2018, Dr. Watson completed a disability examination of Plaintiff. (Tr. 617). Plaintiff rated his pain as a "seven" but did not report any pain radiation, weakness, or numbness in his lower extremities, and he denied a history of arthritis in any joints. (Tr. 619). Dr. Watson noted Plaintiff's anxiety and depression. *Id.* On exam, Dr. Watson found mild subjective pain with lumbar range of motion, and Plaintiff had mild difficulty with toe and heel walking, squatting, tandem heel walking, and moderate difficulty bending over to touch his toes. (Tr. 620). Dr. Watson found that Plaintiff had difficulty with grip in both hands, with normal fine and gross manipulative skills in both hands. *Id.* Dr. Watson noted weakness in both the right and left proximal and distal arms. *Id.*

Dr. Watson assessed limitations as follows: Plaintiff could frequently stand; frequently walk; he was limited in his ability to bend or stoop; could only lift and carry twenty (20) pounds on an occasional basis on his left and right sides; and though he had difficulty ambulating, Plaintiff did not require an assistive device. (Tr. 621). The all systems form accompanying Dr. Watson's evaluation found normal active range of motion in all systems measured except supine straight leg raising, which found 80 out of 90. (Tr. 623-24). Plaintiff had normal active range of motion in his

7

hands and fingers. (Tr. 624). Plaintiff had mildly limited grip (4+/5) and normal pinch, and mildly limited strength (4 to 4+/5) in his extremities. (Tr. 625). Dr. Watson noted difficulties with ambulation, and mild difficulties getting out of a chair and onto the exam table, but that Plaintiff had no difficulties in fine and gross coordination involving his upper extremities. (Tr. 625-26).

On August 27, 2018, Plaintiff presented with multiple issues. (Tr. 677). He reported worsening depression since his last visit and was following up on his chronic low back pain. (Tr. 678). No examination findings were reported as to Plaintiff's back issues, and he was found to be alert and oriented with a normal mood. (Tr. 679). On April 8, 2019, Plaintiff sought a psychiatric or psychological referral. (Tr. 673). He reported no new muscle aches, pains, or joint pains, and on exam he was alert and oriented with normal mood. (Tr. 675). On October 21, 2019, Plaintiff reported that his depression was stable. (Tr. 667). On exam, he was grossly normal, and was alert and oriented with normal mood. (Tr. 668). PHQ-9 depression screenings on April 15, 2019 and September 25, 2019 showed severe depression (Tr. 751) to mild depression (Tr. 660).

Finally, on October 28, 2019, Plaintiff underwent eye surgery for a growth on his eyelid. (Tr. 700, 717).

While there is evidence to support Plaintiff's allegations as to his medically determinable impairments, the "issue before [the Court] is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, 2021 WL 5023951 at *7 (11th Cir. 2021) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. The Court finds the ALJ's decision is supported by substantial evidence.

*Motion to Remand Pursuant to Sentence Six*

In support of his Brief, Plaintiff submitted additional evidence. (Docs. 19-1, 19-2, 19-3, 19-4). While a district court "does not examine evidence that was not considered during administrative proceedings, it should remand a case to the [Commissioner] to consider such evidence if a claimant makes a sufficient showing." *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986) (referencing *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985)). To make a sufficient showing, a claimant "must establish that: (1) there is new, noncumulative evidence, (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable probability that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Id.* at 877 (citing *Wright v. Heckler*, 734 F.2d 696 (11th Cir. 1984)). The Court construes Plaintiff's additional evidence as a Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 405(g). Plaintiff's additional evidence is comprised of the following: documents from a private insurance company, letters of support from third parties, documents related to jury service, medical records postdating the ALJ's decision, and a handwritten summary of Plaintiff's medical issues which postdate the ALJ's decision. The Court addresses each in turn.

As to the documents from a private insurance company, they comprise a request for additional information from the insurance company to Plaintiff, several copies of checks issued by said insurance company, informational documents related to Plaintiff's long term disability claim, and a questionnaire from the insurance company completed by Plaintiff.[2] (Docs. 19-1; 19-2; 19-3, p. 1; 19-4). Under the Regulations governing Plaintiff's claim, decisions by other governmental and nongovernmental entities are not binding on the Commissioner, and the Commissioner will

---

[2] A copy of what appears to be Plaintiff's special education diploma was included in the documents relating to the private insurance company. (Doc. 19-1, p. 2). The record before the ALJ accurately reflects that Plaintiff received said diploma. Accordingly, Plaintiff's special education diploma is not new, noncumulative evidence.

not provide any analysis in her decision about such documents. 20 C.F.R. § 404.1504. Accordingly, the documents from a private insurance company are not material because they are neither relevant nor probative such that there is a reasonable probability that it would change the administrative result. As these documents pre-date Plaintiff's hearing before the ALJ, Plaintiff has also failed to show good cause for failing to submit the evidence to the Commissioner.

As to the letters of support from third parties, several postdate the ALJ's decision. (Doc. 19-3, pp. 2-4). While such letters might be considered evidence from nonmedical sources, *see* 20 C.F.R. § 404.1513(a)(4), none of the postdated letters suggest that remand is appropriate. To the extent that they assert that Plaintiff is disabled, the determination of whether a claimant is disabled is a determination reserved to the Commissioner, and such statements are inherently neither valuable nor persuasive. *Id.* § 404.1520b(c)(3). To the extent that they assert that Plaintiff has limitations, they are duplicative of Plaintiff's mother's statement that Plaintiff is disabled, which statement the ALJ considered. (Tr. 27) (discussing the "many statements of the claimant's mother."). They are also duplicative of the medical evidence in the record. Accordingly, the letters of support from third parties that postdate the ALJ's decision are not material because they are neither relevant nor probative such that there is a reasonable probability that it would change the administrative result.

As to the letters of support from third parties which predate the ALJ's decision, they consist of letters from Dr. Jones, and Plaintiff's mother, brother, and aunt. (Doc. 19-3, pp. 17-25). Dr. Jones' letters do not provide any additional information which would be new evidence. Rather, the letters address Plaintiff's functional abilities and alleged learning deficits. *Id.* at 17, 24. The letters from Plaintiff's family address statements already considered by the ALJ. *Id.* at 18-23, 25. Accordingly, they are not new, noncumulative evidence. Further, as these documents pre-date

Plaintiff's hearing before the ALJ, Plaintiff has also failed to show good cause for failing to submit the evidence to the Commissioner.

As to the documents relating to Plaintiff's jury service, they consist of a doctor's excuse from jury duty as well as Plaintiff's self-reported answers to a grand juror questionnaire. (Doc. 19-3, pp. 7-9). They postdate the ALJ's decision. The doctor's excuse does not indicate that Plaintiff has any functional limitations and Plaintiff's self-reported answers do not provide any answers which would have any bearing on determining whether Plaintiff was disabled. As to the handwritten summary of Plaintiff's medical issues, it bears the dates September 29, 2021 and November 8, 2021, and is a brief summary of two medical issues which postdate the ALJ's decision. *Id.* at 26. It does not indicate any functional limitations. *Id.* Accordingly, these documents are not material because they are neither relevant nor probative such that there is a reasonable probability that they would change the administrative result.

As to the medical records postdating the ALJ's decision, they involve Plaintiff's visit to the emergency department on or about November 8, 2021 for complications from Plaintiff's bladder retaining urine, and a patient care summary dated February 8, 2022. (Doc. 19-3, pp. 5-6, 10-16). The November 8, 2021 medical records do not suggest that Plaintiff had any functional limitations beyond those assessed by the ALJ. To the contrary, on examination, Plaintiff had unrestricted range of movement in all extremities without pain, and he was alert and oriented with no cognitive impairment. *Id.* at 12. The patient care summary appears to be a list of medications purportedly taken by Plaintiff. *Id.* at 5-6. Accordingly, the medical records postdating the ALJ's decision are not material because they are neither relevant nor probative such that there is a reasonable probability that they would change the administrative result. As such, the Court finds that remand under Sentence Six is not warranted.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 8th day of September, 2022.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE
